UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

- against -

DAQUAN BALLINGER,

Defendant.

---

11-CR-541

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, SENIOR UNITED STATES DISTRICT JUDGE:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by or is outside the range prescribed by the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *See United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original). Although a written statement of reasons pursuant to 18

1

U.S.C. § 3553(c)(2) is not necessary when the court imposes a Guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On October 24, 2011, Daquan Ballinger pled guilty to a single-count indictment. The indictment—and the count to which he pled guilty—charged that on or about July 9, 2011, within the Eastern District of New York, Ballinger, having previously been convicted in a court of a crime punishable by a term of imprisonment of more than one year, did knowingly and intentionally possess in and affecting commerce a firearm, in violation of 18 U.S.C. § 922(g)(1).

Ballinger was sentenced on May 25, 2012. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be 19 and defendant's criminal history category to be category IV, yielding a Guidelines range of imprisonment of between forty-six and fifty-seven months. The maximum term of imprisonment for the offense to which Ballinger pled guilty is 10 years. *See* 18 U.S.C. § 924(a)(2). The maximum fine that could be imposed for the offense to which he pled guilty is $250,000. *See* 18 U.S.C. § 3571(b)(3).

Ballinger was sentenced to forty-six months of incarceration and to three years of supervised release. A special assessment of $100 was imposed; no fine was ordered. Forfeiture of both the firearm and the illegal drugs found in his possession was required.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure

that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense[s] and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Defendant's offense is an extremely grave one, and he has a history of involvement in crime petty and serious. He has never been employed legitimately, and has shown little interest in finding work. He has had serious problems complying with the conditions of his supervised release.

A sentence at the lower end of the Guidelines range, however, is warranted. Defendant is 24 years old. He was raised primarily by his mother, who is supportive of him. He has four half-siblings, who are supportive of him. His father died several years ago; he was shot. Defendant's cousin was also a witness to his cousin's murder; that experience proved devastating to him. He is in a long-term relationship; defendant and his girlfriend have a young son. His health is generally good, although he has a long-term history of substance abuse. He withdrew from high school after completing the eleventh grade, and does not yet have a GED.

A sentence of forty-six month of imprisonment reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: specific and general deterrence. General deterrence is effectuated by the lengthy term of imprisonment imposed. The sentence will send a clear message that the illegal possession of firearms will result in serious punishment. Specific deterrence, which is of primary importance in this case, will be achieved through the lengthy prison term.

There can be no doubt that defendant's early life has been extremely difficult. He grew up in demanding circumstances and has had to deal with substantial adversity. Nonetheless, the

criminal activity in which he has engaged in simply not acceptable. He has placed others in serious danger because of his actions—specifically, his repeated illegal possession of firearms. It is the court's hope that the defendant will utilize his time in prison to obtain an education and professional training so that he can make a useful contribution to society.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: May 29, 2012
       Brooklyn, New York